[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above case has been assigned for trial. Counsel have agreed that there is a legal issue pertaining to the validity of a limitation of liability clause in the contract dated June 8, 1977, and that the court should initially render a determination of the validity of said clause. Toward that end counsel have submitted briefs of law.
The case is therefore initially submitted to the court on the question of whether the exculpatory clause, which limits liability, is valid.
The contract in question dated June 8, 1977, is one where the defendant an alarm company, is to provide security services. This was done by the defendant providing for the installation and maintenance of a security alarm system at Pierce's Pharmacy (the plaintiff's insured).
The clause in issue states as follow:
 It is understood that the contractor is not an insurer, that insurance if any, shall be obtained CT Page 10651 by the subscriber and that the amounts payable to the contractor hereunder are based upon the value of the services and the scope of liability as herein set forth and are unrelated to the value of the subscriber's property or others located in subscriber's premises. The contractor makes no guaranty or warranty, including any implied warranty of merchantability or fitness, that the system or services supplied, will avert or prevent occurrences or the consequences therefrom, which the system or service designed to detect. It is impractical and extremely difficult to fix the actual damages, if any, which may proximately result from failure on the part of the contractor to perform any of its obligations hereunder. The subscriber does not desire this contract to provide for full liability of the contractor and agrees that the contractor shall be exempt from liability for loss or damage due directly or indirectly to occurrences, or consequences therefrom which the service or system is designed to detect or avert; that if the contractor should be found liable for loss or damage due to a failure of service or equipment in any respect, its liability shall be limited to a sum equal to ten percent of the annual service charge or $250., whichever is the greater as liquidated damages and not as a penalty, at the exclusive remedy, and that the provisions of this paragraph shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to person or property from performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise, of the contractor, its agents or employees. If the subscriber desires the contractor to assume a greater liability, contractor will amend this agreement to allow the subscriber to pay an additional annual amount necessary to purchase an insurance policy for such greater liability. No such amendment shall be effective unless signed by the subscriber contractor and insurance carrier which will be insuring the additional liability.
 II
In its revised complaint dated March 28, 1989, the plaintiff asserts that its insured's loss was incurred by a negligent error in which the defendant notified the wrong police department. The plaintiff claims that the losses were caused by CT Page 10652 the negligence of the defendant.
The defendant in a responsive pleading dated April 18, 1989 interposes a special defense that the plaintiff's exclusive remedy against the defendant is by way of the liquidated damage provisions in the contract.
The plaintiff denies the allegations of the special defense and alleges that the contractual provision, limiting the defendant's liability, is unconscionable and unenforceable.
 III
The defendant argues in its Brief of Law that provisions in burglar alarm systems contracts limiting liability have been uniformly upheld against challenges of unconscionability or violation of public policy, citing cases from other jurisdictions.
The defendant also refers to Berger v. Shanahan,142 Conn. 726, 732 (1955), whereby our Supreme Court has set forth the following test for such a contractual provision as is present in the instant case. The court in Berger, supra, stated:
 Accordingly, such a provision is ordinarily to be construed as one for liquidated damages if three conditions are satisfied: (1) the damage which was to be expected as a result of the breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract.
The pleadings in the instant case do not appear to claim that the contract clause in question is violative of the conditions which will justify an agreement for a limitation of liability.
 IV
The plaintiff in its brief of law contends that a contractual limitation of liability clause does not limit a party's liability for its gross negligence if it is not so intended by the parties. However the plaintiff has not alleged gross negligence in its revised complaint. Therefore the issue of gross negligence is not raised in the pleadings and cannot be CT Page 10653 asserted for the first time in the plaintiff's brief of law to defeat the contract clause.
The plaintiff also asserts that the clause in question is packed with excess language, unreadable and that the key language is buried in the ninth line.
A review of the contract clause shows it to be on the first page of the contract and in boldface type. The court finds the exculpatory clause to be readable, and in clear and unequivocal language.
 V
The plaintiff, in its pleading, has contended that the contract clause is unconscionable and unenforceable. The plaintiff's brief does not establish how the concept of unconscionability applies in the instant case. The goal of the theory of unconscionability is to avoid oppression and unfair surprise. Neither oppression nor unfair surprise appears to be present in the case at bar.
Accordingly the court finds that the plaintiff has not established, based on the current pleadings, that the limitation of liability clause is invalid and unenforceable. Therefore the court concludes that the clause in question is valid and enforceable.
STENGEL, J.